PER CURIAM
*705 Claimant seeks review of an order on reconsideration of the Workers' Compensation Board (board) awarding attorney fees of $12,500 pursuant to ORS 656.386(1) for services at hearing and on review instead of the $31,000 attorney fee award that claimant had requested. She raises three assignments of error. We reject claimant's first assignment without discussion, writing only to address the second assignment, in which she contends that the board's conclusion "that a reasonable fee for claimant's attorney's services *** is $12,500" lacks substantial evidence and reasoning.[1] Specifically, claimant argues that the board made findings of fact, but did not explain how its findings led to its conclusion that an attorney fee award of $12,500 was reasonable. She seeks reversal of the board's order and a remand to the board with instructions to provide a sufficient explanation of the attorney fee award. In response, SAIF and Oregon Health and Science University contend that the board sufficiently explained the basis for the attorney fee award to permit meaningful appellate review. We agree with claimant that the board erred by not adequately explaining the basis for the attorney fee award.
"Orders of the board must be supported by substantial reason." Taylor v. SAIF , 295 Or. App. 199, 203, 433 P.3d 419 (2018). As we explained in Taylor ,
"an order is supported by substantial reason when it articulates the reasoning that leads from the facts found to the conclusions drawn. The substantial reason requirement exists both for purposes of meaningful judicial review and to ensure that the agency gives responsible attention to its application of the statute. In the specific context of attorney fee awards in workers' compensation cases, the Supreme Court has cautioned that, in order to permit meaningful appellate review, the board cannot simply recite certain factors and then state a conclusion; rather, it must articulate how the application of those factors supports the amount of fees awarded."
295 Or. App. at 203, 433 P.3d 419 (emphasis in original; citations and internal quotation marks omitted).
*706 Here, the board's order states that it "consider[ed] the factors set forth in OAR 438-015-0010(4) and appl[ied] them to this record."[2] The order also identifies the specific factors that the board considered. However, the order does not "articulate a connection between those factors" and the amount awarded as attorney fees "sufficiently to allow us to understand the board's reasoning." Taylor , 295 Or. App. at 203, 433 P.3d 419 ; see also Schoch v. Leupold & Stevens , 325 Or. 112, 119, 934 P.2d 410 (1997) ("The Board, however, did not explain how any of the rule-based *260 factors that it considered *** weighed in its decision-making process and led to the fee that it awarded. The answer is not apparent to us from a mere recitation of those factors."). Because the board simply gave a conclusion and did not explain how the factors it considered resulted in its decision, the board's order lacks substantial reason. More information is necessary for us to review the fee award. Accordingly, we reverse and remand for reconsideration of the attorney fee award.
Reversed and remanded.

Our disposition of claimant's second assignment of error obviates the need to address her third assignment.

OAR 438-015-0010(4) lists eight factors that "shall be considered" in any case in which "an Administrative Law Judge or the Board is required to determine a reasonable attorney fee."