Argued and submitted December 22, 2022, reversed
and remanded May 24, petition for review denied November 2, 2023 (371 Or 511)

In the Matter of the Compensation of
Karista D. Peabody, Claimant.

Karista D. PEABODY,
*Petitioner,*

*v.*

SAIF CORPORATION
and OHSU - Oregon Health & Science University,
Respondents.

Workers' Compensation Board
1602309; A176055

531 P3d 188

Claimant seeks judicial review of an order of the Workers' Compensation Board, following a remand from the Court of Appeals. At issue is the extent to which the fee award authorized by ORS 656.386(1) when a claimant prevails against a denial of compensation on board review must include fees reasonably incurred in determining the amount of the fee award. In particular, the issue is whether and to what extent claimant was entitled to the fees incurred (1) on seeking reconsideration of the board's initial attorney-fee award; (2) on the initial judicial-review proceeding before us; and (3) on remand before the board. *Held*: A claimant is entitled to reasonable fees incurred in litigating the amount of the fee award to which she is entitled for prevailing against a denial before the board under the reasoning of *TriMet v. Aizawa*, 362 Or 1, 403 P3d 753 (2017), and *Shearer's Foods v. Hoffnagle*, 363 Or 147, 420 P3d 625 (2018). Under those cases, that fee award must include all fees reasonably incurred in determining the amount of the fee award, including those incurred before the Court of Appeals.

Reversed and remanded.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Daniel Walker argued the cause and filed the brief for respondents.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge, and Mooney, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Before the Workers' Compensation Board (board), claimant prevailed against SAIF's denial of her claim for compensation. The board awarded attorney fees under ORS 656.386(1) for prevailing against the denial, but claimant contested the reasonableness of the amount of the award on reconsideration before the board, before this court, and then on remand, a process that ultimately resulted in a higher award of fees. The question before us is whether, after a claimant has prevailed over a denial at the board level, ORS 656.386(1) authorizes an award of attorney fees to a workers' compensation claimant's counsel for subsequent work performed litigating the reasonableness of an attorney fee award on reconsideration before the board, before our court, and on remand. On that point, we agree with claimant that, under the Supreme Court's decision in *Shearer's Foods v. Hoffnagle*, 363 Or 147, 156, 420 P3d 625 (2018), she is entitled to a reasonable fee award for fees incurred in determining the proper fee award for prevailing against the denial at the board level, and that the board erred in concluding otherwise. We therefore reverse and remand.

The facts are procedural and not disputed. SAIF denied claimant's occupational disease claim for a right cubital tunnel syndrome condition. Claimant challenged that denial at a hearing before an administrative law judge (ALJ) and again on review before the board, after failing to prevail at the hearing. In her briefing to the board, claimant requested $31,000 in attorney fees, should she prevail against the denial. The board found in favor of claimant and reversed the ALJ's decision upholding SAIF's denial. The board further found that $12,500 was a reasonable attorney fee for claimant's counsel's services at the hearing and the board review. Claimant sought reconsideration, contending that the $12,500 attorney-fee award was not reasonable. The board adhered to its decision.

Claimant petitioned for judicial review, challenging the board's decision to award $12,500 in attorney fees, rather than the $31,000 claimant had requested. *Peabody v. SAIF*, 297 Or App 704, 705, 441 P3d 258 (2019). We concluded that the board's attorney-fee order was not adequately explained

and, therefore, was not supported by substantial reason. *Id*. at 705-06. Accordingly, we reversed and remanded for reconsideration. *Id*.

On remand, the board reconsidered its prior attorney-fee decision. In so doing, it applied amended criteria for fee awards that it had adopted following its initial attorney-fee decision in this case. Having considered the case under those criteria, it determined that $21,280 was a reasonable fee award for claimant's counsel's services at the hearing level and board review.

Claimant then sought reconsideration of that order, asserting that she was entitled to additional attorney fees for counsel's services litigating attorney fees, that is, the fees (1) on seeking reconsideration of the board's initial attorney-fee award; (2) on the initial judicial-review proceeding before us; and (3) on remand before the board. The board issued a second order on remand, rejecting claimant's request. Adhering to board precedent, the board concluded that "we do not find an ORS 656.386(1) attorney fee to be awardable where the sole issue presented was the amount of a reasonable attorney fee award." The board rejected claimant's argument that the Supreme Court's decision in *Shearer's Foods* displaced its prior precedent and required a different outcome. In particular, although the board recognized that in *Shearer's Foods* the Supreme Court concluded that ORS 656.386(1) authorizes a prevailing claimant to recover fees incurred in litigating the correct amount of fees, it declined to extend that reasoning to the circumstances present here. The board explained that it did not view ORS 656.386(1) to allow for an award of fees incurred in litigating the reasonableness of a fee award subsequent to an initial award, where the only issue is the proper amount of the fee award, because, during such subsequent stages of litigation, a claimant does not again prevail against a denial.

Claimant has again petitioned us for judicial review. On review, she asserts that the board's take on *Shearer's Foods* cannot be squared with the Supreme Court's decision. Claimant points out that, in concluding that the claimant in *Shearer's Foods* was entitled to recover fees for litigating the proper amount of a fee award under ORS 656.386(1), the

court relied on *TriMet v. Aizawa*, 362 Or 1, 3, 403 P3d 753 (2017), citing it for what is the general rule in Oregon: "'[A] party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award.'" *Shearer's Foods*, 363 Or at 156. Under *Aizawa*, that principle applies where the source of entitlement to fees is statutory, unless the statutory provision authorizing fees demonstrates that "the legislature intended to depart from that accepted practice." *Aizawa*, 362 Or at 3. Looking to the text of ORS 656.386(1), claimant asserts that nothing in it suggests that the legislature intended to displace the general rule in Oregon that a litigant is entitled to reasonable fees incurred in determining the amount of the fee award.

We agree with claimant's reading of *Aizawa*, *Shearer's Foods*, and ORS 656.386(1). Specifically, in light of *Aizawa*, and the Supreme Court's application of *Aizawa* in *Shearer's Foods*, we conclude that when the board is authorized to award attorney fees under ORS 656.386(1) to a claimant who "[in] such cases involving denied claims * * * prevails finally * * * in a review by the Workers' Compensation Board," the board must also award the claimant reasonable fees incurred in determining the amount of fees to which the claimant is entitled for prevailing over the denied claim.

ORS 656.386 provides, in relevant part:

"In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

ORS 656.386(1)(a). In this case, it is undisputed that claimant finally prevailed against SAIF's denial on board review, and that claimant is entitled to her attorney fees under the

second sentence of (1)(a); the question is whether and to what
extent those fees include the fees incurred in litigating the
amount of the attorney fee award, in addition to those fees
incurred in prevailing against the denial. That question, we
conclude, is answered by *Aizawa* and *Shearer's Foods*.

We start with *Aizawa*. In that case, the Supreme
Court held that "[o]rdinarily, a party entitled to recover attor-
ney fees incurred in litigating the merits of a fee-generating
claim also may receive attorney fees incurred in determin-
ing the amount of the resulting fee award." *Aizawa*, 362 Or at
3. That "normal rule[]" applies, absent an indication in the
statute that "the legislature intended to depart from that
accepted practice[.]" *Id*. at 3, 14. Accordingly, under *Aizawa*,
claimant is entitled to recover reasonable fees incurred in
litigating the amount of fees to which she is entitled for pre-
vailing against SAIF's denial before the board, unless the
legislature has signaled otherwise.

We turn to *Shearer's Foods*. That case, on its face,
would appear to confirm that the legislature has not, in the
words of *Aizawa*, "intended to depart from [the] accepted
practice" of allowing the recovery of reasonable fees incurred
in litigating the amount of an attorney fee award. There,
the issue was whether the claimant had "finally" prevailed
against a denial on a "petition for review to the Supreme
Court," within the meaning of the first sentence of ORS
656.386(1), when the Supreme Court denied the insurer's
petition for review. *Shearer's Foods*, 363 Or at 148-49. The
court concluded that the answer was yes, allowing the claim-
ant to recover attorney fees in connection with the petition
for review. *Id*. at 154-55. Citing *Aizawa*, the court also con-
cluded that "it is reasonable to compensate counsel for an
additional 2.5 hours of time spent litigating the fee award,
given the extent to which claimant's written arguments
assisted the court in determining the fee award." *Id*. at 156.

Taken together, *Aizawa* and *Shearer's Foods* stand
for the proposition that claimant is entitled to reasonable
fees incurred in litigating the amount of the fee award to
which she is entitled for prevailing against SAIF's denial
before the board. It is undisputed that this is a case involv-
ing a denied claim and that claimant "prevail[ed] finally

\* \* \* in a review by the Workers' Compensation Board." ORS 656.386(1). That means that claimant is entitled to a reasonable fee award:

> "In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee."

ORS 656.386(1)(a). That fee award, under the reasoning of *Aizawa* and *Shearer's Foods*, should include the reasonable fees incurred in litigating the amount of the fee award to which claimant is entitled for finally prevailing against the denial. There is no indication in the text and context of ORS 656.386(1) that the legislature intended to depart from the general Oregon practice of allowing fees for litigating the amount of a fee award, and *Shearer's Foods* affirmatively applied the principle in the context of an ORS 656.386(1) fee award.

SAIF nevertheless urges us to conclude otherwise.

Initially, SAIF argues that ORS 656.386(1) "as relevant to this case, only authorizes a fee for services related to prevailing over a 'denied claim.'" That argument cannot be squared with *Aizawa* and *Shearer's Foods*, which stand for the proposition that a statute authorizing a fee award necessarily authorizes an award of reasonable fees incurred in determining the amount of a fee award, absent a contrary indication from the legislature. There is no contrary indication here.

SAIF also argues that "the board correctly concluded that ORS 656.386(1) does not provide a statutory basis for an attorney fee award for services on appeal solely in pursuit of an increased fee award." SAIF is correct that the plain terms of the first sentence of ORS 656.386(1)(a), which governs fee awards for claimants who finally prevail in either this court or the Supreme Court, do not authorize an award of fees from this court for prevailing on an appeal in which only attorney fees are at issue. Thus, for example, claimant would not have been entitled to an attorney fee award from this court under the first sentence of ORS

656.386(1)(a) in her first appeal because she did not finally prevail against the denial in this court. *See* ORS 656.386 (1)(a) ("In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney.").

But that is not the question in this case. In this case, the second sentence of ORS 656.386(1) is the source of authority for claimant's fee award because claimant finally prevailed before the board. That sentence undisputedly authorizes an award of fees to claimant for finally prevailing against SAIF's denial on board review. At issue is the scope of the board's authority to award claimant fees incurred in litigating the amount of fees, *not* this court's authority to award fees to a party who prevails before us in a judicial-review proceeding in which the only issue is the amount of an attorney fee award. Under the reasoning of *Aizawa* and *Shearer's Foods*, the board's authority under ORS 656.386(1)(a) extends to awarding reasonable fees incurred in determining the amount of the fee award to which claimant is entitled for prevailing against SAIF's denial before the board. To the extent the board determines that the fees incurred by claimant in litigating the final amount of the fee award, including fees incurred litigating before our court, were ones that were reasonably incurred, it has the authority to award them and, under the rule in *Aizawa*, must award them.

Finally, SAIF argues that fees for litigating over fees may be awarded only where entitlement to fees is at issue, not where, as here, entitlement is not at issue and only the amount is disputed. Along the same lines, SAIF argues that fees may only be awarded for work preparing the initial fee petition, and not for subsequent work litigating the amount of fees. *See Friends of Columbia Gorge v. Energy Fac. Siting Coun.*, 367 Or 258, 269, 477 P3d 1191 (2020) (citing *Aizawa* for the proposition that parties were entitled to attorney fees for the time spent "preparing their fee petition").

We acknowledge that the parameters of Oregon's rule allowing for an award of attorney fees incurred in

determining the amount of an attorney fee award are not well defined. The rule is largely the product of case law, not statute. The clearest articulation of it is *Aizawa*'s formulation: "[o]rdinarily, a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award." *Aizawa*, 362 Or at 3. That formulation, which we view as controlling, does not suggest the limits that SAIF asks us to impose. Instead, it broadly contemplates that a reasonable fee award will include any fees reasonably incurred in the process of setting the amount of the award. Under that broad formulation, the board was authorized to award, and claimant was entitled to receive, reasonable fees incurred in determining the amount of the fee award to which claimant was entitled for prevailing against SAIF's denial of her claim on board review. Those fees necessarily include amounts reasonably incurred after the board determined on review that claimant prevailed against the denial, including amounts that the board determines were reasonably incurred litigating in this court.

In sum, in view of *Aizawa* and *Shearer's Foods*, we conclude that the board erred when it determined that it was not authorized to award claimant the fees that she incurred litigating over the amount of the fee award following the board's initial award. Further, under those cases, to the extent the board determines that the fees incurred by claimant in litigating the final amount of the fee award, including fees incurred litigating before our court, were reasonably incurred, it has the authority to award them and, under the rule in *Aizawa*, must award them. In view of that error, we reverse and remand.

Reversed and remanded.