Argued and submitted June 6, supplemental judgment reversed and remanded
August 30, 2023

Kelly MAYES,
*Plaintiff-Appellant,*

*v.*

Anthony RAMOS,
*Defendant-Respondent.*

Clackamas County Circuit Court
18CV25192; A172429

536 P3d 638

    Plaintiff appeals a supplemental judgment denying her request for attorney fees-on-fees. The trial court denied plaintiff's fee request on four separate bases: that it was (1) barred by entry and satisfaction of a prior general judgment; (2) barred by claim preclusion principles; (3) "excessive and without merit"; and (4) "frivolous." On appeal, plaintiff challenges each of those bases, arguing that the trial court erred in denying her fee request. *Held*: The trial court erred in concluding that plaintiff's request for fees-on-fees was barred by entry and satisfaction of a prior general judgment; defendant did not point to any case law nor any relevant statutory provision indicating that, in the circumstances of this case, the legislature intended to depart from the accepted practice of allowing recovery of fees-on-fees. Further, the trial court erred in concluding that plaintiff's request for fees-on-fees was barred by claim preclusion principles; plaintiff's request for fees-on-fees was not raised in a second or subsequent action but was raised as part of plaintiff's auto-injury action against defendant. Finally, because the trial court's determination that plaintiff's request for fees-on-fees was "excessive and without merit" and "frivolous" were not sufficient to permit meaningful appellate review, the court remanded for further proceedings per *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 86, 957 P3d 1200 (1998).

    Supplemental judgment reversed and remanded.

Kathie F. Steele, Judge.

Jesse A. Buss argued the cause for appellant. Also on the briefs was Willamette Law Group.

James B. Rich argued the cause for respondent. Also on the brief was Harris, Wyatt & Amala, LLC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Supplemental judgment reversed and remanded.

**TOOKEY, P. J.**

Plaintiff appeals a supplemental judgment denying her request for attorney "fees-on-fees"—*i.e.*, "fees incurred in litigating the amount of an attorney fee award." *Peabody v. SAIF*, 326 Or App 132, 136, 531 P3d 188 (2023). The trial court denied plaintiff's fee request on four separate bases: that the fee request was (1) barred by entry and satisfaction of a prior general judgment; (2) barred by claim preclusion principles; (3) "excessive and without merit"; and (4) "frivolous." In a single assignment of error, plaintiff challenges each of those bases, arguing that the trial court erred in denying her fee request. The parties also dispute whether we have appellate jurisdiction and whether plaintiff's arguments are preserved.

As explained below, we conclude that we have jurisdiction to review the supplemental judgment and that plaintiff's arguments are adequately preserved. We further conclude that the trial court erred in denying plaintiff's request for fees-on-fees, and we reverse and remand for further proceedings.

## I. BACKGROUND

The relevant facts are largely procedural and pertain to three stages of the case: the initial arbitration, the subsequent dispute about fees-on-fees, and plaintiff's appeal to this court.

### A. *The Initial Arbitration*

Following an automobile collision, plaintiff brought a personal injury suit against defendant, and the case went into mandatory arbitration pursuant to ORS 36.400. Plaintiff prevailed, and the arbitrator filed an award in favor of plaintiff that included $15,000 in attorney fees, which was only part of the roughly $25,000 fee award that plaintiff had requested under ORS 20.080 (authorizing attorney fees "where the amount pleaded is $10,000 or less").

Pursuant to ORS 36.425(6), plaintiff filed "exceptions" in the trial court, challenging the arbitrator's attorney-fee award and seeking the total fee that she had requested. Briefly, ORS 36.425(6) provides that a party may file in the

trial court "exceptions" as to "the legal grounds for" or "the amount of" an arbitrator's attorney-fee award, and the trial court must enter a decision as to those exceptions within 20 days after the exceptions are filed, otherwise the arbitrator's fee award "shall be considered affirmed." In opposition to plaintiff's exceptions, defendant filed a response, arguing that plaintiff's fee request was unreasonable and that the arbitrator's fee award should be affirmed.

On June 3, 2019—one day before the 20-day period under ORS 36.425(6) was to elapse—the trial court held a hearing on plaintiff's exceptions. At that hearing, the trial court acknowledged that it would not have enough time to enter a decision before the 20-day period elapsed. Consequently, the trial court orally stated that it would sign an order to abate the case until June 24, 2019, to provide more time to make a decision as to plaintiff's exceptions; however, that abatement order was not ultimately entered until *after* the 20-day period under ORS 36.425(6) had already elapsed.[1] Nonetheless, on June 18, 2019, the trial court issued a letter opinion concluding that the arbitrator had abused his discretion in reducing plaintiff's attorney-fee award and that plaintiff was entitled to her requested fees of roughly $25,000.

Shortly thereafter, plaintiff moved for, and the trial court entered, an order *nunc pro tunc* backdating the abatement order to June 3, 2019—that way, the case would be abated one day *before* the 20-day period elapsed, so the arbitrator's award would not be considered affirmed by operation of ORS 36.425(6). On July 11, 2019, the trial court entered a "General Judgment and Money Award," which reflected the arbitrator's damages award to plaintiff, plus the increased attorney-fee award to plaintiff outlined in the trial court's June 18 letter opinion. Defendant then promptly paid that judgment amount, and on July 17, 2019, a "satisfaction judgment" was entered, reflecting that defendant had paid the judgment against him in the underlying auto injury case.

---

[1] ORS 36.425(6) was recently amended to omit the requirement that the trial court enter a decision as to exceptions within 20 days after the exceptions are filed. *See* Or Laws 2023, ch 16, § 1. The amendments to ORS 36.425(6) do not apply in this case. *See* Or Laws 2023, ch 16, § 2 (providing that amendments to ORS 36.425(6) apply to arbitrations commenced on or after January 1, 2024).

B.    *The Dispute About Fees-on-Fees*

On July 26, 2019, plaintiff filed a new attorney-fee statement, requesting supplemental fees-on-fees of roughly $8,000 for the work that plaintiff's attorney had performed since May 15, 2019, in "successfully prosecuting the original fee request over defendant's vigorous opposition." In that statement, plaintiff argued that she was entitled to such fees under *Trimet v. Aizawa*, 362 Or 1, 403 P3d 753 (2017) and ORCP 68. Defendant filed a memo in opposition to that request, arguing that plaintiff's request for fees-on-fees was (1) barred by entry and satisfaction of the general judgment; (2) barred by claim preclusion principles; (3) "excessive and without merit"; and (4) "frivolous."

After additional briefing was filed by both parties, the trial court held a hearing on plaintiff's request for fees-on-fees and subsequently entered an order denying plaintiff's request. The order stated that the trial court was denying plaintiff's fee request "[b]ased on each and every reason set forth in" defendant's memo opposing plaintiff's request for fees-on-fees.

C.    *Plaintiff's Appeal to This Court*

Plaintiff timely appealed the trial court order denying her request for fees-on-fees. Thereafter, defendant filed a motion to dismiss the appeal, arguing that that order was not an appealable judgment under ORS 19.205. The Appellate Commissioner issued an order agreeing that the trial court's order was not appealable under ORS 19.205 but denying defendant's motion to dismiss on the ground that "the trial court intended to enter an appealable judgment"; accordingly, the Commissioner gave the trial court leave to enter an appealable supplemental judgment pursuant to ORS 19.270(4).[2]

On January 14, 2021, the trial court entered a supplemental judgment denying plaintiff's request for fees-on-fees. In that supplemental judgment, the trial court again

---

[2] ORS 19.270(4) provides, in part: "[T]he trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment or order if the appellate court determines that * * * [a]t the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment or order[.]"

explained—exactly as it had in the previous nonappealable order—that its denial was "[b]ased on each and every reason set forth in" defendant's memo objecting to plaintiff's request for fees-on-fees. Plaintiff then timely filed an amended notice of appeal as to that supplemental judgment.

## II.  DISCUSSION

As noted above, plaintiff argues on appeal that the trial court erred in denying her request for fees-on-fees. As also noted above, the parties dispute whether we have appellate jurisdiction and whether plaintiff's arguments are preserved. We begin by addressing the jurisdictional and preservation issues before turning to the merits.[3]

### A.  *This court has appellate jurisdiction.*

Defendant contends that we do not have appellate jurisdiction in this case, because the judgment is not appealable. He argues that, although ORS 19.205(1) ordinarily allows appeal of a supplemental judgment, that is only true "unless otherwise provided by law," and that, in this case, "the law of ORS 36.400 *et seq* [concerning arbitration] provides for no appeal." More specifically, defendant argues that the trial court's judgment was based on the arbitration award and resolution of plaintiff's attorney-fee exceptions and, therefore, is "non-appealable" as provided in ORS 36.425(3).

Plaintiff counters that we do have jurisdiction. She argues that, although the *general* judgment as to the arbitration award was entered pursuant to ORS chapter 36, and that the provisions of that chapter bar the appeal of a judgment based on an arbitrator's decision in some cases, here, the *supplemental* judgment as to fees-on-fees "was not issued under ORS Chapter 36 at all" but was instead issued pursuant to ORCP 68, which authorizes supplemental judgments awarding or denying attorney fees.

_____

[3] Additional briefing in this case was filed by *amicus curiae* Oregon Trial Lawyer's Association (OTLA). OTLA argues that plaintiff was entitled to recover fees-on-fees under established case law and urges this court to reverse. OTLA also argues that, "[i]f it is difficult to apply for fees-on-fees, *** [that] will, in turn, make it more difficult for clients to find competent attorneys to represent them" and "will encourage opposing attorneys to contest fee disputes more vigorously," which "will also require more time and attention for trial and appellate courts."

We agree with plaintiff that we have jurisdiction to review the supplemental judgment at issue in this case. To be sure, ORS 19.205(1) provides that "a limited judgment, general judgment or supplemental judgment *** may be appealed" "[u]nless otherwise provided by law." And, under ORS 36.425(3), when a judgment is entered that is based on an arbitrator's decision and award, "[s]uch a judgment 'may not be appealed.'" *Mendoza v. Xtreme Truck Sales, LLC*, 314 Or App 87, 94, 497 P3d 755 (2021) (quoting ORS 36.425(3)).

In this case, however, no party has appealed such a judgment. Rather, it is the trial court's *supplemental* judgment as to fees-on-fees that is challenged on appeal, and contrary to defendant's position, the supplemental judgment as to fees-on-fees was not entered pursuant to ORS chapter 36, nor was it based on any decision of the arbitrator; indeed, the arbitrator was never presented with the issue relating to fees-on-fees, as that issue arose only later, after arbitration had concluded. Thus, the provisions in ORS chapter 36 do not affect this court's authority under ORS 19.205 to review the *supplemental* judgment. We therefore conclude that we have jurisdiction to review the supplemental judgment.

B. *Plaintiff's challenge to the denial of fees-on-fees is preserved.*

As noted above, the parties also dispute whether plaintiff preserved her challenge to the denial of fees-on-fees. As we understand it, defendant's position is essentially that, because plaintiff could have, but did not, apprise the trial court before entry of the general judgment that she would seek fees-on-fees, the trial court therefore lacked an opportunity to consider that issue, so the issue is not preserved. Plaintiff's position is that her challenge to the denial of fees-on-fees is preserved because she argued in her briefing to the trial court that it should "overrule the defense's objections" to plaintiff's request for fees-on-fees and award plaintiff those fees.

Having reviewed the record, we reject the contention that the requirements for preservation have not been met. As noted, plaintiff filed a statement in the trial court requesting an additional award of $8,057.50 for fees-on-fees; defendant objected to that request; plaintiff filed a reply,

urging the court to reject defendant's objections and award the requested fees-on-fees; and the trial court held a hearing on the issue. That is sufficient to "demonstrate that the question or issue presented by the assignment of error timely and properly was raised and preserved in the lower court," ORAP 5.45(4)(a), and to satisfy the "general requirement that an issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court," *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Likewise, that is sufficient to show that the trial court "[had] the chance to consider and rule on [the] contention" and to "permit[] the opposing party to respond to a contention and * * * not tak[e] the other party by surprise." *Id.* (explaining policies underlying the preservation requirement). Accordingly, we conclude that plaintiff adequately preserved the issue raised on appeal.

C.  *The Trial Court's Denial of Plaintiff's Request for Fees-on-Fees*

Turning to the merits, as noted above, plaintiff appeals the supplemental judgment denying her request for supplemental fees-on-fees pursuant to ORS 20.080. In that supplemental judgment, the trial court explained that its denial was "[b]ased on each and every reason set forth in" defendant's memo objecting to plaintiff's request for fees-on-fees. The reasons set forth in defendant's memo were that plaintiff's request for fees-on-fees was (1) barred by satisfaction of the general judgment; (2) barred by claim preclusion principles; (3) "excessive and without merit"; and (4) "frivolous." On appeal, plaintiff challenges each of those bases, arguing that the trial court erred in denying her fee request.

"We review the trial court's legal determinations with respect to entitlement to attorney fees for errors of law," and "[w]e review the amount of an attorney fee award for an abuse of discretion." *Quick Collect, Inc. v. Higgins*, 258 Or App 234, 242, 308 P3d 1089 (2013).

1.  *Entry and satisfaction of the general judgment did not preclude recovery of fees-on-fees in a supplemental judgment.*

As noted, the trial court denied plaintiff's request for fees-on-fees "[b]ased on each and every reason set forth

in" defendant's memo objecting to that request. The first reason articulated in defendant's memo was that, because defendant had "satisfied all issues pertaining to costs, fees, and damages" imposed in the general judgment, plaintiff was thereby precluded from obtaining fees-on-fees. We disagree; that reasoning is not supported by Oregon law.

To reiterate, "fees-on-fees" refers generally to "attorney fees incurred in determining the amount of the [attorney] fee award." *Aizawa*, 362 Or at 3. "[T]he general rule in Oregon" is that "a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the [attorney] fee award." *Peabody*, 326 Or App at 135 (brackets and internal quotation marks omitted). That "normal rule" allowing fees-on-fees applies unless the statute providing for attorney fees in a particular case indicates that "'the legislature intended to depart from that accepted practice.'" *Id.* at 135-36 (quoting *Aizawa*, 362 Or at 3, 14).

Further, "ORCP 68 sets out a procedure for recovering attorney fees." *Aizawa*, 362 Or at 7. That rule provides that "'[a]ttorney fees' are the reasonable value of legal services related to the prosecution or defense of an action." ORCP 68 A(1). That rule also provides that, "[i]f any issue regarding attorney fees or costs and disbursements is not decided before entry of a general * * * judgment, any award or denial of attorney fees or costs and disbursements shall be made *by supplemental judgment*." ORCP 68 C(5)(b)(i) (emphasis added).

In particular, we point out that "there is longstanding precedent in Oregon interpreting ORCP 68 that, in addition to recovering fees incurred in litigating the merits of a fee-generating claim, a party may recover its attorney fees incurred as part of the fee application and litigation process." *Aizawa*, 362 Or at 7 (brackets and internal quotation marks omitted). The rationale for that longstanding precedent is that "the process of recovering attorney fees to which a party is entitled by statute is related to the prosecution or defense of the action and thus recoverable under ORCP 68." *Id.* (ellipsis and internal quotation marks omitted).

Here, plaintiff was entitled to attorney fees under ORS 20.080 and filed a statement seeking fees-on-fees for the work that plaintiff's attorney had done since May 15, 2019, in "successfully prosecuting the original fee request over Defendant's vigorous opposition." In that statement, plaintiff argued that she was entitled to recover fees-on-fees under *Aizawa*, and she requested that the court award fees-on-fees in a supplemental judgment, which—as noted above—is the procedure provided in ORCP 68 C(5)(b)(i) for deciding attorney-fee issues not decided before entry of a general judgment. As such, pursuant to the "general rule in Oregon" articulated in *Peabody*, plaintiff would be entitled to recovery of fees-on-fees unless there is some indication that "the legislature intended to depart from that accepted practice." *Peabody*, 326 Or App at 135.

Defendant's challenge to plaintiff's entitlement to fees-on-fees is not founded on ORS 20.080; rather, defendant asserts that "either ORS 36.425(6) and related case law or ORCP 68 and related case law" preclude a party from seeking fees-on-fees where, as here, a general judgment reflecting an arbitration award has already been entered and satisfied.

Regarding ORS 36.425(6), defendant contends that, when a party files exceptions to an arbitrator's attorney-fee award, the trial court is limited to reviewing only the legal basis for that award and the amount, and that the trial court therefore lacked the authority to award fees-on-fees to plaintiff as part of that review.

Defendant's argument as to a trial court's review function under ORS 36.425(6) is unavailing. As noted above, the trial court's July 11, 2019, general judgment resolved the attorney-fee issues raised in plaintiff's exceptions, and some two weeks later, on July 26, 2019, plaintiff separately filed a statement in the trial court requesting an award of fees-on-fees pursuant to *Aizawa* and ORCP 68. We have previously explained that the provisions in ORS 36.425(6) for filing exceptions and the provisions in ORCP 68 for seeking attorney fees "unambiguously denote different processes designed to accomplish different purposes," and "[f]iling exceptions to an arbitrator's award of attorney fees

is not the same as filing a statement with the trial court requesting an award of attorney fees." *Ashley v. Garrison*, 162 Or App 585, 591, 986 P2d 654 (1999). Thus, because filing exceptions and requesting fees-on-fees in the trial court are distinct processes governed by distinct legal provisions, the provisions in ORS 36.425(6) did not impose a limitation on the trial court's ability to separately award plaintiff fees-on-fees under *Aizawa* and ORCP 68.

Regarding ORCP 68, we understand defendant to argue that, although parties in other types of civil cases may seek a supplemental judgment awarding fees-on-fees through the process outlined in ORCP 68 C, parties in the context of court-annexed arbitration may not. We disagree; contrary to defendant's position, ORCP 68 C explicitly provides that it "governs the pleading, proof, and award of attorney fees *in all cases*," ORCP 68 C(1) (emphasis added), and authorizes attorney-fee awards to be "made by supplemental judgment," ORCP 68 C(5)(b)(i). Further, nothing in ORCP 68 indicates to us that the legislature intended to exempt cases subject to court-annexed arbitration from the "longstanding precedent in Oregon interpreting ORCP 68" that authorizes recovery of fees-on-fees. *Aizawa*, 362 Or at 7 (brackets and internal quotation marks omitted).

Relatedly, we also understand defendant to argue that, under ORCP 68 C, a trial court is authorized to enter no more than one judgment containing an award of attorney fees—that is, where, as here, a prior judgment reflecting an initial award of fees has been entered, no supplemental judgment awarding fees-on-fees is allowed. In support of that view, defendant points to a passage related to this court's discussion of an award of costs in *Peterson v. Fielder*, 170 Or App 305, 13 P3d 114 (2002), *rev den*, 335 Or 255 (2003), where we observed that "an award of costs and disbursements is to be included with any award of attorney fees in a single judgment, one that is either entered [via general judgment] or, if necessary, as a supplemental judgment." *Id.* at 311. Again, we disagree; understood in context, the passage cited by defendant concerned the issues of *finality* and *appealability* of a judgment as to an award of *costs. See*

*id.* ("The question is whether, in light of ORCP 68 C(5), the [general] judgment was final as to the award of costs[.]").

Briefly, regarding the issue of attorney fees, in *Peterson*, the trial court entered a general judgment reflecting an arbitrator's award to the plaintiffs and specifying that the plaintiffs were entitled to attorney fees, the amount of which would "be determined subsequently under ORCP 68 C." *Id.* at 307. Thereafter, the trial court entered a supplemental judgment awarding the plaintiffs $9,490 in attorney fees. *Id.* at 308. The defendants appealed from that supplemental judgment, and the plaintiffs moved to dismiss the appeal on the ground that the defendants should have, but did not, appeal the general judgment. Ultimately, we concluded that the defendants had correctly appealed the supplemental judgment (rather than the general judgment), because "a trial court declaration that a party is *entitled* to attorney fees is not final without a determination of the fee *amount.*" *Id.* at 309 (emphases added); *see also Mathews v. Hutchcraft*, 221 Or App 479, 483, 190 P3d 474 (2008) ("Under *Petersen,* the general judgment was not final because the *amount* of attorney fees \*\*\* remained undetermined until the entry of the supplemental judgment." (Emphasis added.)). So understood, the holding in *Peterson* does not stand for the proposition that, under ORCP 68, entry of a prior judgment awarding attorney fees precludes a subsequent supplemental judgment awarding fees-on-fees.

Defendant's contention that, under ORCP 68, entry of a prior judgment awarding attorney fees precludes subsequent entry of a supplemental judgment awarding fees-on-fees is also contradicted by *Aizawa*. In *Aizawa*, the trial court initially entered a judgment awarding the defendant "$13,796.33 in attorney fees, legal costs, and disbursements that were incurred" in litigating the underlying condemnation action, then the trial court subsequently entered a "supplemental judgment in [the defendant]'s favor awarding her $9,537.28 in attorney fees, legal costs, and disbursements that were incurred as a result of [defendant] litigating her entitlement to \*\*\* attorney fees." *Trimet v. Aizawa*, 277 Or App 504, 509, 371 P3d 1250 (2016), *aff'd*, 362 Or 1, 403 P3d 753 (2017). Thus, what defendant contends is not allowed under

ORCP 68 is just what occurred in *Aizawa*—the case with the "clearest articulation" of Oregon's rule allowing for an award of fees-on-fees. *Peabody*, 326 Or App at 138-39.

In sum, pursuant to the "general rule in Oregon" regarding fees-on-fees as articulated in *Aizawa*, plaintiff was entitled to seek recovery of fees-on-fees, and defendant does not point to any case law nor any provision in ORS 20.080, ORS chapter 36, or ORCP 68 that persuades us that "the legislature intended to depart from that accepted practice" of allowing recovery of fees-on-fees in this case. *Peabody*, 326 Or App at 135. Accordingly, the trial court erred in concluding otherwise.

2. *Claim preclusion did not preclude recovery of fees-on-fees.*

The second basis on which the trial court denied plaintiff's request for fees-on-fees was that the request was barred by the doctrine of claim preclusion. In so ruling, the court agreed with defendant that the general judgment addressed attorney fees and that plaintiff's request for fees-on-fees represented an attempt to "relitigate matters already ruled upon and resolved." We disagree.

"The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or 504, 510, 123 P3d 275 (2005). Thus, "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Id.* (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)). Put simply, claim preclusion operates such that subsequent litigation is barred where "the earlier litigation proceeded to final judgment, involved the same parties, and concerned a claim arising out of the same transaction or series of related

transactions." *Aguirre v. Albertson's*, 201 Or App 31, 47, 117 P3d 1012 (2005).

Here, although the proceeding involved the same parties, the other prerequisites for claim preclusion have not been met. Plaintiff's request for fees-on-fees was not raised in a second or subsequent action; rather, it was raised as part of plaintiff's auto-injury action against defendant. *See Strawn v. Farmers Ins. Co.*, 233 Or App 401, 425, 226 P3d 86 (2010), *rev'd on other grounds*, 350 Or 336, 258 P3d 1199 (2011) ("[T]he process of recovering fees [i]s properly considered part of the prosecution of an action for purposes of a fee petition under ORCP 68." (Internal quotation marks omitted.)). Further, plaintiff's request for fees-on-fees did not constitute relitigating the same claim for attorney fees that was resolved in the general judgment; although that general judgment resolved plaintiff's exception to the arbitrator's award of attorney fees for work performed *before* May 15, 2019, it did not resolve the separate matter regarding fees-on-fees for work performed *after* May 15, 2019.

We also observe that defendant's argument about the effect of claim preclusion in this case is inconsistent with our case law regarding a party's ability to recover fees-on-fees. As noted above, the court in *Aizawa* upheld a party's right to recover fees-on-fees under ORCP 68, notwithstanding the fact that that party had already been awarded attorney fees in a prior judgment in the same litigation. 277 Or App at 509-11, 514. We therefore conclude that claim preclusion does not bar plaintiff's request for fees-on-fees, and the trial court erred in determining otherwise.

3. *The trial court's determination that plaintiff's request for fees-on-fees was "excessive and without merit" and "frivolous."*

The final bases on which the trial court denied plaintiff's request for roughly $8,000 in fees-on-fees were that the request was "excessive and without merit" and "frivolous."

"In a case in which an award of attorney fees is required by statute"—as it was in this case under

ORS 20.080—"ORS 20.075(2) provides that the trial court must consider the factors specified in ORS 20.075(1) in determining the amount of an award of attorney fees as well as the factors set out in ORS 20.075(2)." *Beaverton School Dist. 48J v. Ward*, 281 Or App 76, 80 n 3, 384 P3d 158 (2016) (ellipsis and internal quotation marks omitted omitted). Those factors include:

- the parties' conduct giving rise to the litigation

- the objective reasonableness of the parties' claims and defenses

- the extent to which an award would deter good faith claims and defenses in similar cases

- the extent to which an award would deter meritless claims and defenses

- the parties' objective reasonableness and diligence during the proceedings

- the parties' objective reasonableness and diligence in pursuing settlement

- the amount awarded as a prevailing party fee under ORS 20.190

- the time and labor required

- the novelty and difficulty of the questions involved

- the skill needed to perform the legal services

- the likelihood that this representation would preclude the attorney from taking other cases (if apparent to the client)

- the fee customarily charged in the locality for similar legal services

- the amount involved in the controversy and results obtained

- the time limitations imposed by the client or circumstances of the case

- the nature and length of the attorney-client relationship

- • the attorney's experience and reputation and ability

- • the fixed or contingent nature of the fee.

*Moreau v. Samalin*, 295 Or App 534, 537, 435 P3d 794 (2019) (summarily stating factors in ORS 20.075(1) and (2)).

"Adequate findings about those matters need not be complex or lengthy." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190, 957 P2d 1200 (1998). However, the court "must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review," *id.* at 190-91, and "[a] court would satisfy its obligation to make findings in a case involving ORS 20.075 by including in its order a brief description or citation to the factor or factors on which it relies in denying an award of attorney fees," *id.* at 188. Such findings "are necessary to assist the appellate court in carrying out a meaningful review of the competing arguments of the parties and the attorney fee decision below." *Id.* at 189.

But here, the trial court's references to "excessive and without merit" and "frivolous" are not sufficient to permit meaningful appellate review, and we can only speculate as to the relevant facts and legal criteria in ORS 20.075 the court relied on in making that determination. Accordingly, we remand for further proceedings to consider the factors in ORS 20.075 and determine an appropriate award of fees-on-fees. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 86, 957 P2d 1200 (1998) (remanding "for further proceedings," where order as to attorney fees "lack[ed] necessary findings to explain the legal and factual basis for the award"); *see also Moreau*, 295 Or App at 540 ("We regularly follow *McCarthy* when we are unable to conduct meaningful appellate review of a fee award.").

Supplemental judgment reversed and remanded.