Argued and submitted April 23, affirmed July 2, reconsideration denied August 29,
petition for review denied September 23, 1986 (302 Or 35)
Reconsideration on costs denied December 12, petition for review on costs denied
December 30, 1986 (302 Or 461)

In the Matter of the Compensation of
Harold L. Dotson, Claimant.
## DOTSON,
*Petitioner,*

*v.*

## BOHEMIA, INC. et al,
*Respondents.*

(WCB 83-06463; CA A37168)

720 P2d 1345

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Evohl F. Malagon and Malagon & Associates, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of an order of the Worker's Compensation Board (Board) which denied his attorney a fee for defending the referee's order after SAIF initiated a review. Claimant filed a claim for a cervical spine condition. Before the hearing, the parties had resolved all issues on the claim except for the amount of the fee claimant's attorney was entitled to recover; that was the only issue presented to the referee. The referee found that $2,000 was a reasonable fee and ordered that SAIF pay that sum to claimant's attorney. SAIF requested that the Board review the order, arguing that the attorney's fee should be reduced. The Board affirmed the referee's order. Claimant's attorney also requested that the Board award him a fee for successfully defending the award of an attorney fee on review. The Board denied his request, and claimant appeals from this order.

Claimant bases his argument on ORS 656.382(2), which provides:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Claimant argues that, because the Board did not disallow or reduce the attorney fee awarded by the referee, his attorney is entitled to recover a fee for his services from SAIF. The issue is whether an attorney fee ordered to be paid by the insurer is an element of "compensation" as the term is used in ORS 656.382(2).

ORS 656.005(9) sets forth the definition of compensation:

> " 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

Claimant argues that "compensation" encompasses any benefit that he receives through the workers' compensation laws and that having SAIF pay his attorney a fee is such a benefit. SAIF responds that, although its paying claimant's attorney's fee is a benefit to claimant in the broad sense of the term, "benefits" in ORS 656.005(9) should have a narrower, more specific meaning.

■ ■ We agree that the definition of compensation in 656.005(9) calls for a narrower interpretation of "benefit" than claimant's. Compensation is defined as "all benefits * * * provided *for a compensable injury to a subject worker * * *.*" (Emphasis supplied.) We think that the legislature intended "benefits * * * provided for a compensable injury" to refer to those set forth in ORS 656.202 to ORS 656.258. These include payments for a worker's death, disability, medical services and vocational assistance. Attorney fees are provided for legal services, and not for a compensable injury, and are addressed in ORS 656.382 to ORS 656.388. We hold that the term "compensation" in ORS 656.382(2) does not include attorney fees and that the Board properly denied claimant's attorney a fee for the review in this case.

Affirmed.