Argued and submitted March 8, reversed and remanded May 18, 2016

In the Matter of the Compensation of
Vernon L. Bowman, Claimant.

Vernon L. BOWMAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Doug Hodgson Trucking Co.,
*Respondents.*

Workers' Compensation Board
1301130; A156919

374 P3d 1008

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Julie Masters argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**SHORR, J.**

Claimant seeks judicial review of a Workers' Compensation Board order awarding assessed attorney fees under ORS 656.386(1)(a), which requires an award of "a reasonable attorney fee" in "cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial." Here, an attorney fee of $6,000 was awarded after SAIF Corporation rescinded its denial of the claim shortly before the scheduled hearing on claimant's challenge to that denial. Claimant argues, among other things, that the board erred in limiting its consideration of the attorney fee award to work counsel performed before SAIF notified claimant that it would rescind its denial. We agree with claimant that the board so erred. As explained below, ORS 656.386(1)(a) does not impose any temporal limitation on rescission-based attorney fees, and the board's limiting construction of the statute is erroneous. Accordingly, in considering the amount of time an attorney has dedicated to a claim where a denial has been rescinded by the insurer prior to a formal agency decision, the board must consider all of the time that counsel dedicated that related to the litigation of the denial and the rescission, including time spent relating to litigation work that occurred *after* the insurer notified counsel of its intention to withdraw its denial and accept the claim.[1]

The material facts are uncontroverted. Claimant, a long haul truck driver, suffered a spider bite while he was loading his truck on November 29, 2012. His symptoms worsened considerably the next day (pain and sickness, with swelling and redness in the right arm), and claimant went to the emergency room. He was diagnosed with right forearm cellulitis and filled out an 801 form asserting that his condition was work related. Claimant was hospitalized for seven days.

Claimant retained counsel to represent him in his workers' compensation claim, which SAIF denied on January 24, 2013. Claimant contested the denial and

---

[1] In his second assignment of error, claimant argues that the board failed to sufficiently explain its reasoning in its decision. Our disposition of the first assignment of error obviates the need to address that argument.

requested a hearing before an administrative law judge (ALJ). That hearing was scheduled for June 4, 2013. On May 31, four days before the hearing, SAIF notified claimant (through counsel) that it would rescind the denial. After he was notified of the rescission, claimant's counsel devoted several hours to "wrapping up" the matter, which included communicating with claimant, negotiating a stipulation with SAIF, cancelling the June 4 hearing, dealing with issues relating to claimant's medical bills, and ensuring that claimant received his unpaid time loss from SAIF. SAIF formally accepted the claim on June 27, 2013.

Because claimant and SAIF were unable to agree on an appropriate attorney fee, a hearing was eventually held on that issue. The parties agreed that counsel was entitled to an attorney fee under ORS 656.386(1)(a); claimant sought an attorney fee of $25,000, and SAIF argued that a fee of between $4,000 to $5,000 was appropriate. As relevant here, the parties disputed whether, in considering the "time devoted to the case," the ALJ could consider counsel's post-rescission work on the claim. SAIF argued that "time spent after rescission of the denial is not included in a fee award; rather, only services performed prior to the rescission are considered." Based on that categorical premise, SAIF contended that the ALJ should not consider any of the hours counsel worked after the May 31 rescission. SAIF considered the date of the rescission to be "the date SAIF informed claimant's attorney of the rescission," although, as noted above, it formally accepted the claim about a month later. Claimant countered that all of counsel's time working on issues relating to the litigation of the denial and rescission should be considered.

The ALJ, invoking the factors set out in OAR 438-015-0010[2]—including the "time devoted to the case"—awarded

_____

[2] OAR 438-015-0010 provides, in relevant part:

"(4) In any case where an Administrative Law Judge or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

an attorney fee of $6,000. That award was based in part on the ALJ's finding that, although "counsel indicated that he spent approximately 36.5 hours on this case * * * as noted by SAIF, the bulk of these hours were spent after the rescission of the denial." Though the ALJ did not expressly set forth the legal implication of that finding, it is evident that he adopted SAIF's argument that only counsel's pre-rescission time could be considered.

Claimant subsequently appealed the ALJ's opinion and order to the board, which affirmed the ALJ's $6,000 attorney fee award on *de novo* review. Like the ALJ, the board's decision was based, in part, on its determination that all of counsel's time working on the claim post-rescission was not fee eligible under ORS 656.386(1):

> "Here, claimant agrees with the ALJ's finding that his counsel spent over 36 hours on the case. However, based on counsel's 'Statement of Services' submitted to the ALJ, some 14 hours of that time was performed *after* SAIF's rescission of the denial. Moreover, much of those 14 hours was devoted to research and preparation for the hearing concerning the attorney fee issue, as well as for counsel's travel and attendance at the hearing.

> "Yet, when a denial is rescinded voluntarily by a carrier before a hearing, a claimant's counsel is entitled to a reasonable attorney fee for being 'instrumental in obtaining a rescission of the denial prior to a decision.' *See* ORS 656.386(1). Consistent with this statutory mandate, in determining the amount of an attorney fee for services regarding a 'pre-hearing' rescinded denial, our review is confined to a claimant's counsel's services rendered *before* the rescission. Thus, claimant's counsel's services pertaining to 'post rescission' preparation for, and attendance at, the hearing are not considered in determining a reasonable attorney fee award."

(Emphases in original; citations omitted.)

---

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h) The assertion of frivolous issues or defenses."

On review, claimant argues that the board's construction of ORS 656.386(1)(a)—which requires "a reasonable attorney fee" in "cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial"—to confine its consideration to "counsel's services rendered before the rescission" was erroneous. Claimant maintains that that statute does not contain any temporal limitation, and that a reasonable attorney fee under it must include consideration of pertinent work that occurs relating to the rescission, even if after the rescission. Claimant particularly emphasizes that many of the services an attorney provides to a claimant in a rescission scenario—such as notifying the claimant of the rescission and discussing its implications, negotiating a stipulation, ensuring the insurer accepts the claim in a satisfactory manner,[3] dealing with issues relating to unpaid medical bills and communicating with medical providers, ensuring that the claimant receives unpaid temporary disability, and communicating with opposing counsel about those issues—*necessarily* occur after a denial has been rescinded. That "wrap up" work, claimant argues, is not only reasonably associated with the litigation of the denial, but is an essential component of counsel's compensability-related services to a claimant.

In addition, we note that claimant is not seeking to require the board to consider the time spent on attorney fee-related issues and, therefore, does not assert that the board was required to credit counsel for *all* of his post-rescission time on the case. *See Dotson v. Bohemia, Inc.*, 80 Or App 233, 235, 720 P2d 1345, *rev den*, 302 Or 35 (1986) (holding that, because an attorney fee ordered to be paid by the insurer is not an element of the "compensation" a worker receives under the workers' compensation scheme, an attorney's efforts in obtaining or challenging an attorney fee are not eligible for attorney fees). Rather, claimant simply asserts that the board was required to consider counsel's post-rescission time that was dedicated to rescission-related issues.

---

[3] As claimant notes, the details of an insurer's notice of acceptance, such as timing details and the specific medical conditions that an insurer actually accepts, matter.

SAIF counters that the board's construction of ORS 656.386 is correct. In SAIF's view, the text of ORS 656.386(1)(a) limits an attorney fee award "to the attorney's efforts in obtaining a rescission of the denial" because "once the denial has been rescinded, the attorney is no longer being instrumental in obtaining its rescission, and is engaged in other services." Under that logic, SAIF argues, the statute does not support consideration of post-rescission work for an award of fees, however closely linked that work is to issues arising directly from the litigation of the denial and the rescission, which SAIF frames as work on "collateral, post-rescission" matters.

Thus, as framed by the parties and the predicate agency determinations, the question before us is whether, in awarding attorney fees under ORS 656.386(1)(a), the board may limit its consideration of an attorney's time to those hours spent before the employer's rescission of its denial. As explained below, we conclude that, in determining a reasonable attorney fee under ORS 656.386(1)(a), the board must take into account all of the time that an attorney has dedicated that is related to litigating the denial and the rescission, including reasonable time spent after the insurer communicated its intention to rescind its denial and accept the claim.

Because our review centers around the interpretation of a statute, we reach that conclusion in accordance with the interpretive methodology set out in *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009), examining the statutory text and context and pertinent legislative history, with the goal of discerning the legislature's intent. We review the board's construction of a statute for legal error. ORS 183.482(8).

We begin with the statutory text. ORS 656.386(1)(a) provides:

> "In all cases involving denied claims where a claim-ant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an

Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. *In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed.*"

(Emphasis added.)

Thus, ORS 656.386(1)(a) establishes attorney fee entitlement in circumstances involving denied workers' compensation claims that ultimately become compensable, either through a successful appeal to the board or the courts, or because an insurer rescinded its denial short of an agency decision. Our analysis in this opinion is limited to the latter circumstance, where there is a rescission. To that end, the operative portion of the statute simply provides that when the triggering event occurs—that is, "where an attorney is instrumental in obtaining a rescission of the denial" prior to an ALJ decision—"a *reasonable* attorney fee shall be allowed." (Emphasis added.) Nothing in the statutory text suggests that the legislature intended that only work that occurred before the rescission could be considered in determining that attorney fee. Rather, the only textual limitation built into that provision is reasonableness.

Accordingly, in considering the time that a claimant's attorney devoted to the case—one of numerous factors that the board must consider under OAR 438-015-0010(4)—the board must consider all of the relevant, reasonable time the attorney dedicated. That consideration may include work that occurred *after* the insurer notified counsel of its intention to rescind its denial if it is reasonable and related to the litigation of the denial and rescission. As claimant points out, the case is not necessarily over when an employer rescinds its denial. Rather, in a rescission scenario, some of an attorney's work relating to the litigation of the denial may occur after the insurer provides notice of the rescission. The attorney must be credited for all relevant and reasonable time (and for the crucial services a claimant receives as a result of the attorney's post-rescission efforts) as part of a reasonable attorney fee award.

We further observe that, although the legislative history is silent on this issue, our textual construction is entirely consistent with the policies that the legislature was seeking to advance when it enacted the operative text. ORS 656.386 was amended in 1991, as part of Senate Bill 540, to expressly provide for an award of attorney fees in circumstances where an attorney obtains compensation for a claimant before the claim has proceeded to a hearing. Or Laws 1991, ch 312, § 1.[4] The amendment was designed to overrule *Jones v. OSCI*, 107 Or App 78, 80, 810 P2d 1318, *withdrawn on recons*, 108 Or App 230, 814 P2d 558 (1991), which held that the then-existing version of ORS 656.386 did not authorize attorney fees short of an agency hearing. *See SAIF Corp. v. Allen*, 320 Or 192, 227, 881 P2d 773 (1994) (Graber, J., concurring in part, dissenting in part) (discussing legislative history of ORS 656.386).

SB 540 was broadly supported[5] as a means of abrogating an "incorrect interpretation of existing law" and reinstating the pre-*Jones* status quo. Testimony, Senate Committee on Labor, SB 540, Mar 20, 1991, Ex F (statement of Diane Rosenbaum). Proponents presented it not only as the right policy choice for the workers' compensation system as a whole, but also emphasized that it was unfair to claimants' attorneys to have their right to compensation cut off arbitrarily, simply because they had succeeded in bringing the claim along to a point at which the insurer was willing to accept it short of agency action.

Christopher D. Moore, a claimants' attorney who testified on behalf of the Oregon Trial Lawyers Association and the Oregon Workers' Compensation Attorneys, and who was the main proponent of SB 540 at the committee hearings, made the following comments:

---

[4] ORS 656.386 was further amended to its current form and structure in 1995 and 1997. *See* Or Laws 1995, ch 332, § 43; Or Laws 1997, ch 603, § 3. Those amendments are immaterial to our analysis in this opinion.

[5] Karl Frederick of the Association of Oregon Industries and Diane Rosenbaum of the Oregon State Industrial Union Counsel both testified in support of SB 540, and the legislative history reveals no testimony in opposition to the bill. Tape Recording, Senate Committee on Labor, SB 540, Mar 20, 1991, Tape 40, Side A.

"Attorneys representing injured workers in this system need to be compensated so that injured workers can be adequately represented. If the attorneys representing injured workers are not compensated for the work that they do, then skilled competent counsel will choose not to represent injured workers, and we believe that is at cross-purposes with the underlying motives of the Oregon Workers' Compensation Act. It is difficult to put an injured worker on equal footing with an insurance company or self-insured employer. In most instances, the injured worker has few, if any, resources while an insurance company or self-insured employer will have a large amount of resources. One of the things that helps keep this fight equal is making sure that competent counsel are compensated so that they will continue to represent injured workers. Skilled and competent counsel are going to have to be compensated based upon the time they spend, the risk that they might lose the case (and that risk always exists when representation begins), benefit to the claimant and so forth. This bill ensures that that will happen when an insurer [or] self-insured employer * * * rescinds [a] denial prior to hearing."

Testimony, Senate Committee on Labor, SB 540, Mar 20, 1991, Ex E (statement of Christopher Moore); Testimony, House Committee on Labor, SB 540, May 27, 1991, Ex J (statement of Christopher Moore). Significantly, Representative Kevin Mannix echoed Moore's themes in his own comments, emphasizing, in particular, that SB 540 was about "fairness" and that it was fundamentally unfair to deny attorney fees based upon an "arbitrary" temporal distinction. Tape Recording, House Committee on Labor, SB 540, May 27, 1991, Tape 148, Side B - Tape 149, Side A (statement of Rep Mannix).

Those comments reflect that, in addition to addressing the systemic harm that the legislature perceived as having been done by the *Jones* decision, the amendment was also based upon the premise that claimants' attorneys should be reasonably compensated when they obtain benefits for claimants, and that that compensation should not be cut off arbitrarily. Thus, although our holding is primarily based upon the legislature's intention as evinced by the statutory text, by declining to adopt an arbitrary temporal limitation that would result in claimants' attorneys never

being compensated for time spent after an insurer gives notice that it intends to withdraw a denial, our resolution of this case is consistent with those policies.

Accordingly, in considering the amount of time an attorney has dedicated to the litigation of a claim where a denial has been rescinded by the insurer prior to a formal agency decision, the board must consider the time that counsel dedicated to that litigation, including time dedicated to litigation-related work after the insurer notified counsel of its intent to rescind its denial. Thus, the board erred in categorically refusing to consider counsel's post-rescission time. On remand, the board should determine how much of counsel's post-rescission time was spent on pertinent, litigation-related issues, and should take that time into account as part of its consideration of the amount that is a "reasonable attorney fee" under ORS 656.386(1)(a).

Reversed and remanded.