No. 591 November 15, 2023 135

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Christopher Taylor, Claimant.
CHRISTOPHER TAYLOR,
*Petitioner,*

*v.*

SAIF CORPORATION
and AUTOMOTIVE PRODUCTS,
*Respondents.*

Workers' Compensation Board
1403708
A176262

Argued and submitted March 1, 2023.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Daniel Edward Walker argued the cause for and filed the brief for respondents.

Before Shorr, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Reversed and remanded.

DeVore, S. J., dissenting.

**SHORR, P. J.**

This is the second time this matter has come before us on the issue of attorney fees. We previously remanded a Workers' Compensation Board (board) order awarding $8,000 in attorney fees because we were unable to "determine why the board made the fee award that it did" and we thus concluded that "the order lack[ed] substantial reason." *Taylor v. SAIF*, 295 Or App 199, 204, 433 P3d 419 (2018), *rev den*, 365 Or 194 (2019) (*Taylor I*). On remand, the board issued a remand order increasing the attorney fee award for counsel's services related to the recission of the initial denial of benefits. However, the board denied the request for attorney fees for services performed in litigating the amount of the attorney fee award, which included fees incurred before the board and our court in litigating the fee award. Claimant seeks judicial review of that order, asserting that he is entitled to fees for the attorney time spent litigating the amount of the reasonable attorney fee award, including fees incurred in seeking judicial review in this court. Based on our recent opinion in *Peabody v. SAIF*, 326 Or App 132, 531 P3d 188, *rev den*, 371 Or 511 (2023), we conclude that claimant is entitled to a reasonable fee award for fees incurred in determining the proper fee award, including reasonable fees incurred before the board and our court. The board erred in concluding otherwise. We therefore reverse and remand.

Claimant filed a claim for workers' compensation benefits, which was initially denied by SAIF. Claimant requested a hearing before an Administrative Law Judge (ALJ) and his retained counsel prepared for that hearing in a number of ways, including deposing SAIF's physician who had examined claimant and obtaining an opinion from an additional physician. Minutes before the hearing, SAIF agreed to rescind the denial. Claimant's counsel submitted a request for $12,000 in attorney fees, which SAIF opposed as excessive and disproportionate. The ALJ awarded $5,000 in fees.

Claimant appealed the ALJ's fee decision to the board, which increased the fee award to $8,000, concluding that that amount was a reasonable fee for counsel's services "in obtaining the pre-hearing rescission of SAIF's denial."

Claimant sought judicial review, arguing that the board failed to adequately consider the contingent nature of representation in calculating the fee. We concluded that the board's order lacked "an explanation of the board's reasoning sufficient to allow appellate review," and remanded for further proceedings, without reaching the merits of claimant's argument. *Taylor I*, 295 Or App at 203. In a later order, we denied claimant's request to us to award attorney fees, due to claimant not prevailing against a denial of a claim in his appeal before us. Order Denying Attorney Fees, *Taylor v. SAIF*, 295 Or App 199 (2018) (CA A162892).

On remand, the board awarded the requested $12,000 in fees for services related to the pre-hearing rescinded denial. In a footnote, the board addressed counsel's request for fees for time spent litigating the amount of fees:

> "On remand, appellate counsel requests an attorney fee for services performed in litigating the amount of the attorney fee award before the court and on remand under ORS 656.386(1). However, in an unpublished order in this case, the Court of Appeals has already declined counsel's contingent attorney fee request for services before the court. *See Taylor v. SAIF*, [295] Or App [199] (2018), *order denying attorney fees*, March 11, 2019. Further, an attorney fee is not awardable under ORS 656.386(1) for counsel's services on remand because the sole issue presented on remand is the amount of a reasonable attorney fee award. *See Peabody*, 73 Van Natta at 324 (finding an ORS 656.386(1) attorney fee not awardable for counsel's services on remand where the sole issue presented to the Board at that level was the amount of a reasonable attorney fee)."

Claimant now seeks judicial review of that order, arguing that he is entitled to fees for efforts in litigating the amount of a reasonable fee award.

The board's authority to award fees is found in ORS 656.386(1)(a):

> "In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims

where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

Following the completion of briefing in this matter, we decided *Peabody*. In *Peabody*, we engaged in a discussion of ORS 656.386(1), as well as Supreme Court precedent on attorney fee issues, including *TriMet v. Aizawa*, 362 Or 1, 403 P3d 753 (2017) and *Shearer's Foods v. Hoffnagle*, 363 Or 147, 420 P3d 625 (2018). *Peabody*, 326 Or App at 135-39. We concluded:

"Under the reasoning of *Aizawa* and *Shearer's Foods*, the board's authority under ORS 656.386(1)(a) extends to awarding reasonable fees incurred in determining the amount of the fee award to which claimant is entitled for prevailing against SAIF's denial before the board."

*Id.* at 138. We further clarified that such fees included those reasonably incurred in proceedings before the board as well as those reasonably incurred litigating in this court. *Id.* at 139.

The only procedural difference between the present matter and *Peabody* is that, in this matter, claimant prevailed on the merits of his claim just prior to the ALJ hearing, and the claimant in *Peabody* prevailed on the merits before the board. Therefore, claimant's entitlement to attorney fees in this case is rooted in the third sentence of ORS 656.386(1)(a), as opposed to the second sentence.[1] We thus must examine the extent of the authority to award fees granted by the third sentence of ORS 656.386(1)(a). Though the issue was not presented this way by the parties, we have an independent duty to correctly interpret a statute. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997). We apply our well-established methodology of statutory interpretation,

---

[1] At no point has SAIF asserted that claimant was not entitled to fees at all under ORS 656.386. The litigation has only involved the amount of fees and whether fees should be awarded for various stages of the proceedings.

examining the text in context. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The third sentence does not specify which entity of the Workers' Compensation Division is to award the fees in such situations—an ALJ or the board. The statute's reference to a claimant prevailing on the merits "prior to a decision by *the* Administrative Law Judge" appears to contemplate an ALJ being associated with the matter; it thus follows that that ALJ would make the initial fee determination. However, all orders of an ALJ are reviewable by the board, including fee orders, and the board may "affirm, reverse, modify or supplement the order of the [ALJ] and make such disposition of the case as it determines to be appropriate." ORS 656.295(6). In light of the board's authority to review and modify ALJ orders, it would not be reasonable to read the statute as authorizing an ALJ to make a fee award, but to not extend that authorization to the board. We therefore conclude that, in the absence of a clear statement to the contrary, the third sentence of ORS 656.386(1)(a) endows both an ALJ and the board with authority to award attorney fees in cases where an attorney is instrumental in obtaining a rescission of a denial prior to a decision by an ALJ.[2]

We readily conclude that claimant's entitlement to fees under the third sentence of ORS 656.386(1)(a) rather than the second sentence does not change the analysis set forth in *Peabody*. Our rationale in *Peabody* was rooted in the general principle that "'[o]rdinarily, a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award,'" absent an indication in the statute that the legislature intended to depart from that practice. *Id.* at 136 (quoting *Aizawa*, 362 Or at 3) (brackets in *Peabody*). As we noted in *Peabody*, "[t]here is no indication in the text and context of ORS 656.386(1) that the legislature intended to depart

---

[2] Indeed, the parties have operated as if the board had the authority to set and award a reasonable fee, despite the board not ever ruling on the merits of claimant's entitlement to benefits. On claimant's appeal to the board of the ALJ's initial attorney fee award and upon the first remand from this court, SAIF did not assert that the board was without authority under ORS 656.386(1)(a) to award some amount of fees.

from the general Oregon practice of allowing fees for litigating the amount of a fee award[.]" *Id.* at 137. That analysis remains the same for awards of fees pursuant to both the second and third sentences of ORS 656.386(1)(a).

We further conclude that our prior denial of claimant's motion for attorney fees following our remand in *Taylor I* does not bear on this matter. In that order, we concluded that we lacked authority to award attorney fees pursuant to ORS 656.386(1) because claimant had not finally prevailed against a denied claim in an appeal before us. That order is consistent with our later holding in *Peabody*, in which we noted that the claimant in that case would not have been entitled to an attorney fee award *from the court* in her first appeal because she did not prevail against the denial of benefits before the court. *Peabody*, 326 Or App at 137-38. As in *Peabody*, the issue in this case "is the scope of the board's authority to award claimant fees incurred in litigating the amount of fees, *not* this court's authority to award fees to a party who prevails before us in a judicial-review proceeding in which the only issue is the amount of an attorney fee award." *Id.* at 138.

Therefore, as in *Peabody*, "to the extent the board determines that the fees incurred by claimant in litigating the final amount of the fee award, including fees incurred litigating before our court, were ones that were reasonably incurred, it has the authority to award them and, under the rule in *Aizawa*, must award them." *Id.*

Reversed and remanded.

**DeVORE, S. J.,** dissenting.

In this case, the majority finds controlling our recent decision in *Peabody v. SAIF*, 326 Or App 132, 531 P3d 188, *rev den*, 371 Or 511 (2023) (*Peabody II*), reverses, and remands to the workers' compensation board. Although claimant's appeal to the board and to this court had presented only the issue of claimant's attorney fees, the majority holds that the board erred by failing to award claimant recovery of attorney fees at both levels. In my view, *Peabody II* is not controlling because it is distinguishable. Worse, I doubt it was correctly decided in one critical part involving

attorney fees before this court. Therefore, I dissent. The explanation begins with a look at *Peabody II* and two cases that it follows.

In *Peabody II*, SAIF denied claimant's occupational disease claim. She lost her challenge of the denial at hearing before an administrative law judge (ALJ), but, later before the board, she prevailed, winning compensation on review. *Peabody II*, 326 Or App at 133. Claimant sought $31,000 in attorney fees. The board awarded her recovery of $12,500. She sought reconsideration by the board without success. *Id.* She appealed to this court, and we first remanded to the board for a better explanation that would provide substantial reason. *Peabody v. SAIF*, 297 Or App 704, 705-06, 441 P3 258 (2019) (*Peabody I*). On remand, the board applied amended criteria and increased the award to $21,280 for services before the board and ALJ. *Peabody II*, 326 Or App at 134. The board explained that it did not find authority to award attorney fees for an appeal to the court in which compensation had not been at issue. *Id.* Again, claimant appealed to this court.

Like this case, the dispute in *Peabody* concerned ORS 665.386(1)(a), which provides:

> "In all cases *involving denied claims* where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases *involving denied claims* where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases *involving denied claims* where an attorney is instrumental in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed."

(Emphases added.) Among other things, a "denied claim" is defined to be a "claim for *compensation* which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable[.]" ORS 656.386(1)(b)(A) (emphasis added). The issue becomes whether a claimant's continued appeal about claimant's attorney fees alone, which is no

longer about compensation, is a "denied claim" under any one of the three sentences in this section.

As a general rule, this section has meant that, in order for a claimant to prevail over a "denied claim," compensation must be at issue before that decision-maker that overturns the denial—whether an ALJ, the Board, or an appellate court. *See Dotson v. Bohemia, Inc.,* 80 Or App 233, 236, 720 P2d 1345, *rev den*, 302 Or 35 (1986) (holding, in an employer's appeal to the board, that, because an attorney fee ordered to be paid by the insurer is not an element of the "compensation" a worker receives under the workers' compensation scheme, an attorney's efforts on review or appeal concerning only attorney fees are not eligible for attorney fees); *see also Bowman v. SAIF Corp.*, 278 Or App 417, 421, 374 P3d 1008 (2016) (following same principle but reversing to allow attorney fees incurred at the level of decision). That general rule has meant that, if a *claimant* appeals to the board from the decision of an ALJ (or to an appellate court from a decision of the board) when the amount of attorney fees awarded to claimant is the sole issue, the claimant does not have an option to shift attorney fees to an employer or insurer. If an *employer* or *insurer* seeks review or appeal when the only issue is attorney fees, an exception exists that allows claimant fees—an exception that we consider when we turn to legislative intent.[1] As shorthand, I will refer to the general rule as the fee-limiting principle.

*Peabody II* acknowledged the validity of the fee-liming principle, when responding to SAIF's argument. *Peabody II* agreed:

> "SAIF is correct that the plain terms of the first sentence of ORS 656.386(1)(a), which governs fee awards for claimants who finally prevail in either this court or the Supreme Court, *do not authorize an award of fees from this court for prevailing on an appeal in which only attorney fees are at issue. Thus, for example, claimant would not have been entitled to an attorney fee award from this court under the first sentence of ORS 656.386(1)(a)[.]*"

---

[1] In 2015, the legislature amended ORS 656.382(3), to allow a claimant recovery of attorney fees if the employer or insurer seeks review or appeals when attorney fees is the only issue. Or Laws 2015, ch 521, § 5.

326 Or App at 137-38 (emphasis added.) However, *Peabody II* posited that, because claimant *had* prevailed on compensation before the *board*, the question was not about the authority of the court under the first sentence but the authority of the *board* under the second sentence of ORS 656.386(1)(a).[2] *Id.* at 138. *Peabody II* considered the question broadly to ask the authority of the board to award attorney fees, not only those incurred before the board initially and on remand, but also those fees previously incurred on appeal to this court in the meantime. *Id.* at 136, 138. To answer that question, *Peabody II* turned away from the statutory definition of a "denied claim" for compensation—terms that still appear in the statute's second sentence. Instead, the court emphasized the meaning of "a reasonable attorney fee" and considered a pair of Supreme Court decisions. *Id.* at 136.

In *Shearer's Foods v. Hoffnagle*, 363 Or 147, 148-49, 420 P3d 625 (2018), the employer continued to dispute compensation by filing a petition for review before the Supreme Court. The claimant incurred attorney fees upon reading that petition and later sought a modest award of attorney fees when review was denied. Because the employer had continued to dispute compensation in a "denied claim," the court first held that the claimant had "finally prevailed" upon denial of the employer's petition for review, and was entitled to recovery of attorney fees incurred most recently there. 363 Or at 151 ("[W]e conclude that the legislature intended 'finally prevails' to include what happens when this court denies review."). Secondly, the court concluded that its claimant was also entitled to the full measure of attorney fees incurred before that court including those fees due to filings disputing attorney fees—the so-called fees on fees. *Id.* at 156.[3]

In its conclusion about fees on fees, *Shearer's Foods* referred to a general idea about attorney fees, taken from ordinary cases. The court referred to *TriMet v. Aizawa*,

---

[2] In part, *Peabody II* paralleled *Bowman*, 278 Or App at 421, reversing to allow the board to award fees incurred at the board-level where compensation still had been at issue.

[3] That conclusion supports the part of *Peabody II* determining that the board may award all attorney fees incurred at the board level where compensation had still been at issue.

362 Or 1, 3, 403 P3d 753 (2017), which involved a statutory right to fees in condemnation, under ORS 35.300(2). *Aizawa* began with the observation,

> "Ordinarily, a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award."

362 Or at 3. The court recalled that, generally, that principle applies *unless the legislature intended to depart from that accepted practice*. *Id.* We may dub that emphasized language as the "*Aizawa* caveat." It will become important later in our discussion of *Peabody II*.

The common principle, not the *Aizawa* caveat, governed in *Shearer's Foods*, because the legislature had expressly declared in ORS 656.386(1)(a) that a claimant was entitled to attorney fees when the claimant has prevailed in a denied claim at issue before a court. Because compensation was at issue with the petition for review, *Shearer's Foods* awarded "fees on fees" for the dispute before the Supreme Court.

We should agree that neither decision of the Supreme Court made a new rule for attorney fees under the various circumstances described in several, specialized statutes on workers compensation. *See, e.g.*, ORS 656.382; ORS 656.386; ORS 656.388. (declaring various circumstances in which attorney fees may be awarded). Nothing changed that should cause us to depart from the fee-limiting principle and its statutory construction. *Aizawa* certainly supported the recovery by the claimant in *Shearer's Foods* of all fees incurred before the decision-maker who finally decided compensation. But neither case went further. *Aizawa*, a condemnation case, could not rewrite the requirement that compensation must be at issue before a decision-maker in order to be a "denied claim." Moreover, because *Shearer's Foods* worked at length to explain that compensation *was* still at issue even on a petition for review, that decision underscores, not undermines, the fee-limiting principle drawn from ORS 656.386(1).

When read carefully, the two cases show that a claimant was entitled to attorney fees before the Supreme

Court, including "fees on fees" incurred before that court (*Aizawa*), because that claimant had already had a right to attorney fees before that body when prevailing over the employer's challenge to compensation in a proceeding before that decision-maker (*Shearer's Foods*). We ought not read the two cases to change the well-established rule against the recovery of attorney fees incurred on appeal initiated by a claimant where attorney fees are the only issue.

    In an earlier decision of our court, made after full-court review, we considered a circumstance—one not at issue here—in which attorney fees were not recoverable in the particular benefit dispute. *Santos v. Caryall Transport*, 171 Or App 467, 473, 17 P3d 509 (2000), *rev den* 332 Or 558 (2001), *abrogated by SAIF v. DeLeon*, 352 Or 130, 282 P3d 800 (2012). In a survey of statutes, we construed the statute at issue here. We observed: "Under ORS 656.386(1), the claimant is entitled to fees on his or her own appeal only if compensability of the claim is at issue." *Id.* (emphasis added). Our restatement of ORS 656.386(1) reflects our long understanding of the fee-limiting principle.[4]

    More recently, we recited and followed the fee-limiting principle in this very case. In the prior appeal, we reversed and remanded to the board for an explanation sufficient to pass the test of substantial reason. *Taylor v. SAIF*, 295 Or App 199, 433 P3d 419 (2018), *rev den*, 365 Or 194 (2019) (*Taylor I*). Immediately after our first decision in this case, claimant petitioned for an award of $32,715 in attorney fees on appeal, contingent upon prevailing upon remand. We denied attorney fees. We explained:

    "We agree with SAIF that, when a claimant prevails before the board on a denied claim, when the employer does not appeal, and when the only issue on appeal is the claimant's challenge to the board's attorney fee award, the claimant is not entitled to attorney fees on appeal under ORS

---

[4] Because *Shearer's Foods* and *Aizawa* did not make a new rule to follow on awarding fees on a claimant's appeal about fees alone, *Peabody II* and the majority's decision here overrule the fee-limiting principle *sub silentio*. Our two new cases do so without undertaking the required task to explain why *Dotson* was "plainly wrong" (at the time decided) or how later legislation changed it when a claimant appeals. *See State v. Civil*, 283 Or App 395, 405-06, 388 P3d 1185 (2017) (overruling precedent found to be plainly wrong); *see also Farmers Ins. Co. v. Mowry*, 350 Or 686, 261 P3d 1 (2011) (illustrating and adhering to precedent).

656.386(1). That is for two related reasons. First, in such circumstances, the claimant 'finally prevail[ed] against the denial' in the board proceedings, *not* 'in an appeal to the Court of Appeals or petition for review to the Supreme Court,' and the latter is a predicate for an award under ORS 656.386(1)(a). Second an award of attorney fees is not 'compensation,' so the denial of an attorney fee award by the board—or, in this case, the grant of a fee award in a lesser amount than desired—is not itself a 'denied claim.'"

Order Denying Attorney Fees, *Taylor v. SAIF*, 295 Or App 199 (2018) (CA A162892) (emphasis in original; citations omitted). That was the posture of this case then, and, in essence, that is still the posture of this case now. On remand, the board increased the attorney fee award for services leading to the recission of the original denial but did not award fees for the intervening appeal to this court. Again, claimant appeals when denial of compensation is not at issue and only attorney fees on appeal are at issue. Again, the same statute should dictate the same answer that we have given in this case before.[5]

The majority, however, determines that *Peabody II* addressed essentially the same question presented here. 329 Or App at 138. The majority does not stop with an appreciation that the postures of this case and *Peabody II* are different. The claimant in *Peabody II* prevailed over a denied claim for compensation before the board and rightfully deserved fees for work at that level of decision-making. *Id*. at 138. Claimant in this case did not present a denied claim to the board. *Id.* He sought review before the board when only fees were at issue. To go on, the majority observes that, while *Peabody II* involves the second sentence of ORS 656.386(1)(a) about the authority of the board, this case involves the third sentence speaking of an award fees at

---

[5] If *Peabody II*, *Shearer's Foods*, and *Aizawa* are distinguishable, not controlling, then our prior ruling in this case—that this appeal does not concern a "denied claim" for compensation—should remain law of the case now. *See OEA v. Oregon Taxpayers United*, 253 Or App 288, 302, 291 P3d 202 (2012) (Generally speaking, "the law of the case doctrine 'precludes relitigation or reconsideration of a point of law decided at an earlier stage of the *same case*.'" (quoting *Bloomfield v. Weakland*, 224 Or App 433, 440, 199 P3d 318 (2008), *rev den*, 346 Or 115 (2009) (emphasis in *OEA*)); *Kennedy v. Wheeler*, 356 Or 518, 531, 341 P3d 728 (2014) ("The term 'law of the case' is best reserved for use in the context in which a party seeks to relitigate an appellate decision.")).

an earlier stage where, with the assistance of an attorney, claimant has overcome a denial *before* a hearing. Akin to *Peabody II*, which extended the board's authority to award attorney fees for an appeal to this court, the majority extends the authority of the board in the case of a rescinded denial. The majority finds authority in the board to award attorney fees incurred in a board review and judicial appeal in which a denied claim had not been in dispute. *Id.* at 139. At that point, I part ways with the majority.[6]

 *Peabody II* acknowledged that, if the court had been presented with an appeal initiated by claimant about only attorney fees, the court would have lacked authority to have awarded attorney fees on appeal. 326 Or App at 137-38. *Peabody II* had agreed with SAIF, as quoted above.[7] *Id.* Similarly, the majority acknowledges our prior order on attorney fees on appeal with a renewed agreement that we lack authority to award fees in a claimants' appeal only about fees. 329 Or App at 140. That is the fee-limiting principle. That being so, it necessarily follows that the *board* lacked authority in *this* case because, unlike *Peabody II*, this claimant presented a fees-only appeal to the board. The board lacks authority in this case, just like we do, to award attorney fees when the dispute presented to the board was *not* a "denied claim" for benefits. *See* ORS 656.386(1)(a) (court or board authority to award fees in cases of "denied claims" for benefits).

 Because the board lacked authority due to the fee-limiting principle, *Peabody II* is distinguishable, not controlling. We should not follow *Peabody II* with a remand to the board to award attorney fees because we should know, in the posture of this case, the board lacked authority to award fees where there was no "denied claim" at issue before the board. Due to its procedural posture, this case is different

---

[6] Given the way *Peabody II* and the majority opinion frame the issue, I fall victim to describing the issue in terms of the "authority" of the court or board to award fees. To speak of the "authority" of a court or board may implicitly bias the question in favor of those neutral and necessary entities. It is more accurate to frame the issue in terms of whether the law provides authority for a claimant to recover attorney fees in particular circumstances.

[7] As noted, *Peabody II* avoided the problem—correctly as to fees incurred in services before the board—by finding authority in the board who had a "denied claim." 326 Or App at 138-39.

than *Peabody II*. We should simply distinguish *Peabody II,* follow the fee-limiting principle again, and affirm.

The majority, however, reaches a different conclusion. The majority observes that the third sentence of ORS 656.386(1)(a) does not specify whether the board or ALJ award attorney fees in the case of a denial rescinded before the ALJ hearing. The majority then concludes that, because the board is given responsibility to review decisions of an ALJ under ORS 656.295(6), the board should be able to award attorney fees in a claimant's appeal about nothing but fees in a case that previously involved a rescinded denial. 329 Or App at 139-40. In other words, if the ALJ could have awarded fees, so can the board—even on review to the board no longer involving a "denied claim" for compensation. *Id.*

To observe that the third sentence in the statute speaks in the passive voice without naming the decision-maker proves little. The passive voice cannot reasonably imply that the board has authority to award attorney fees when claimant appeals where the "denied claim" is no longer at issue on review to the board. The better view of legislative intent is that the passive voice refers to the ALJ approving the rescission and awarding fees. That understanding would read the three sentences to be parallel in meaning. The actors in the three sentences are 1) the two appellate courts awarding fees in denied claims, 2) the board or ALJ awarding fees in denied claims, and 3) the ALJ awarding fees in rescission of a denied claim. I believe that the only plausible view is that the third sentence does *not* expand the *board's* authority to award fees in a fees only appeal from a denial rescinded before the ALJ hearing.

To observe that the board has the responsibility to review the decisions of an ALJ under ORS 656.295(6) proves nothing. That statute is merely procedural. That statute does not expand the authority of the board to award attorney fees where other statutes specifically describe and limit when attorney fees may be imposed upon an employer or insurer. Context shows the limited, procedural function of ORS 656.295(6). The statute provides a claimant the right to review before the board; it provides that requests for review

may be mailed; and it describes how notice is given and the like. *See* ORS 656.295 (describing procedural steps). For comparison, parallel statutes give the Court of Appeals the responsibility to review the board's decisions and describe the procedure to be followed. *See* ORS 2.516 (jurisdiction for appeals); ORS 656.298 (procedure for review of board orders); ORS 183.482(8)(a) (court may affirm, reverse, or remand). Those procedural statutes have never been held to provide this court with a substantive authority to award attorney fees where a claimant appeals only about fees. Such an interpretation of our authority would be contrary to the fee-limiting principle, as recognized in the initial part of *Peabody II*. To cite ORS 656.295(6) begs the question. A procedural statute provides no answer.

The troubling problem with the majority's interpretation is the stark inconsistency that it injects into ORS 656.386(1). The majority's interpretation would mean that, under the *second* sentence of ORS 656.386(1)(a), the board expressly *lacks* authority to award attorney fees on a claimant's appeal about fees alone from an ALJ decision that overturned a denial, because that appeal to the board is no longer a "denied claim" for benefits (*i.e.*, the fee-limiting principle). Yet, according to the majority, the *third* sentence would mean that the board *has* authority to award attorney fees on a claimant's appeal about fees alone from an ALJ decision approving a prehearing rescission of a denied claim. Two claimants with essentially the same procedural posture—one with a win *at* the ALJ hearing and one with a win *before* the ALJ hearing—get opposite results on attorney fees. The first claimant is denied attorney fees; the second claimant gets attorney fees. The first claimant does more work at a contested hearing to overcome a denial and gets no fees (second sentence). The second claimant does less work before the ALJ, who merely acknowledges the prehearing-rescission of an initial denial, and yet the second claimant gets fees for work before the board and court on a fees-only appeals (third sentence). I believe that, without more indication in text, such stark inconsistency cannot reflect legislative intent.

Unless the legislature says so expressly, we do not construe a statute to *implicitly* produce inconsistent results. We know that:

> "In construing a statute, courts must refuse to give literal application to language when to do so would produce an absurd or unreasonable result. Rather, courts must construe the statute if possible so that it is reasonable and workable and consistent with the legislature's general policy."

*McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410, *adh'd to on recons*, 314 Or 645, 842 P2d 380 (1992) (citing *Pacific P. & L. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968)). Stark inconsistency indicates that the only plausible view is that the third sentence does *not* expand the board's authority to award fees in a fees only appeal from a denial rescinded before the ALJ hearing.

The trouble with the majority's interpretation returns us to the *Aizawa* caveat concerning legislative intent. Is this statutory setting nothing but the ordinary situation on recovery of attorney fees? In this setting, did the legislature intend fees on fees forever? I think not, for several reasons.

First, to construe "reasonable attorney fee" in ORS 656.386(1)(a) to mean recovery of all attorney fees thereafter—on a claimant's appeal when a review or appeal no longer concerns a denied claim—is contrary to express statutory terms in the first and second sentences. It defies logic to acknowledge that the court cannot award attorney fees on a claimant's appeal about fees alone (first sentence) and go on to deduce that the legislature intended that the board could award attorney fees incurred on appeal to this court—fees that the court cannot award. And, it defies logic to acknowledge that the board cannot award attorney fees on a claimant's review of an ALJ decision on fees alone (second sentence) and go on to deduce that the board can award attorney fees incurred on review before the board of a fees-only review of an ALJ decision after a rescinded denial.

Second, if the legislature had intended "reasonable attorney fee" in ORS 656.386(1)(a) to mean attorney fees on a claimant's appeal when fees alone are at issue, then the legislature would have simply said so out loud. The legislature could have defined "reasonable attorney fee" to mean all attorney fees incurred even after compensation is resolved and no longer in dispute; but it did not provide such a definition. In the alternative, the legislature could have deleted the three sentences of ORS 656.386(1)(a), those specifying particular circumstances in which the court, board, or ALJ is presented with a denied claim or in which the ALJ is presented with rescission of a denied claim. The legislature could have substituted a single sentence saying that attorney fees will be awarded at all subsequent stages in a claim if at any time compensation was ever denied before or after hearing. But no such language exists. The absence is conspicuous.

Third, there *is* an explicit expression of legislative intent. It is an important counterpoint to the fee-limiting principle. SAIF raised it, but we have ignored it. It is a statute that *does* allow attorney fees, even if only attorney fees are at issue on appeal, when an employer or insurer appeals to the board or a court and challenges only a claimant's award of attorney fees. That is found at ORS 656.382(3), which provides:

> "If an employer or insurer raises attorney fees, penalties or costs as a separate issue in a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court initiated by the employer or insurer under this section, and the Administrative Law Judge, board or court finds that the attorney fees, penalties or costs awarded to the claimant should not be disallowed or reduced, the Administrative Law Judge, board or court shall award reasonable additional attorney fees to the attorney for the claimant for efforts in defending the fee, penalty or costs."

That provision was enacted in 2015 to remedy a particular problem that a claimant could not recover attorney fees in a situation when only attorney fees were at issue. *See SAIF v. Traner*, 273 Or App 310, 320-21, 365 P3d 1078 (2015) (noting 2015 amendment to enlarge right to attorney fees

in situations apart from recovery of compensation). That is, the legislature amended ORS 656.382 in order to provide recovery of attorney fees in that particular circumstance in which an employer or insurer appeals making an issue only about the award of the claimant's attorney fees.[8] Or Laws 2015, ch 521, § 5. Previously, a claimant could not recover attorney fees for work opposing an employer's appeal over fees alone. *See, e.g.*, *Dotson*, 80 Or App at 235-36; *Saxton v. SAIF*, 80 Or App 631, 633, 723 P2d 355, *rev den*, 302 Or 159 (1986).

The legislature has not enacted a parallel change in statute to provide recovery of attorney fees on an appeal initiated by a claimant when only attorney fees are at issue. The express language in ORS 656.382(3), which provides recovery of claimant's attorney fees, but only when the employer or insurer is to blame for the fees-only appeal, shows a restrained intent to change the fee-limiting principle only where the employer or insurer initiates such an appeal. *See Dept. of Human Services v. C. M. H.*, 368 Or 96, 116, 486 P3d 772 (2021) ("Case law existing at the time of the adoption of a rule or statute forms a part of the context.") (internal quotation marks and citation omitted). The existence of a limited right under ORS 656.382(3) to recover attorney fees in an insurer's or employer's appeal about only fees refutes any argument about a right under ORS 656.386(1) to attorney fees in a claimant's appeal about only fees.

In construing statutes, we are admonished to avoid a construction of statutes that renders another statute meaningless. If ORS 656.386(1) were construed to provide a right to recover fees in a fees-only appeal by claimant, then the legislature's work to amend ORS 656.382 in 2015

---

[8] Randy Elmer, a workers' compensation attorney, explained 2015 House Bill (HB) 2764, now ORS 656.382(3), saying:

"Another important feature of this bill is when appeals are undertaken by insurers or self-insured employers where they are appealing the amount of the fees or our rights to fees or rights to penalties or costs. And previously if that happened and we protected those costs and penalties and fees, we were not paid any fees for that subsequent litigation protecting those. This bill will incorporate fees for those as well."

Audio Recording, Senate Committee on Workforce, HB 2764, May 13, 2015, at 1:12:50 (testimony of proponent Randy Elmer).

was unnecessary and meaningless. The Supreme Court has explained that,

> "at the least, an interpretation that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and as a matter of complying with the interpretive principle that, if possible, we give a statute with multiple parts a construction that will give effect to all of those parts."

*State v. Cloutier,* 351 Or 68, 98, 261 P3d 1234 (2011) (internal quotation marks omitted); *see also Goodwin v. Kingsmen Plastering, Inc.*, 359 Or 694, 702-03, 375 P3d 463 (2016) (reading related statutes and employing the same principle). Indeed, *Aizawa* followed this rule of construction when construing the condemnation statutes. *Aizawa* rejected TriMet's argument because it rendered a provision surplusage. 362 Or at 9 (referring to ORS 35.400(4)).

The importance of the *Aizawa* caveat is that, in this case, there *is* legislative intent. It shows that recovery of attorney fees, where a denied claim is no longer at issue, is specifically limited to fees appeals initiated by an employer or insurer. That answer shows that the statutes on workers' compensation are uniquely regulated. In their multiplicity and specificity, they are unlike ordinary fee-shifting statutes. Attorney fees in workers' compensation are not governed by an unbounded notion of fees on fees forever. There are many specific provisions for claimant's recovery of fees; but ORS 656.386(5) provides this counterpart: "In all other cases, attorney fees shall be paid from the increase in the claimant's compensation, if any, except as otherwise expressly provided in this chapter." Thus, if claimant chooses to appeal about nothing but fees, it is on claimant's nickel. That may comport with a legislative purpose, among others, "to reduce[ ] litigation." ORS 656.012(2)(b).[9]

---

[9] In part, ORS 656.012(2), provides:

"(2) In consequence of these findings, the objectives of the Workers' Compensation Law are declared to be as follows:

"*****

"(b) To provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest

    For those reasons, I conclude *Peabody II* is distin-
guishable in its procedural posture. It is not a precedent to
be followed. That part of *Peabody II* that is overextended
should not be extended to new reaches. There is no basis in
statute, *Shearer's Foods*, or *Aizawa* to justify a construction
that would expand the board's authority inconsistently or
that would allow a decision-maker to award attorney fees for
services before other bodies that cannot award those fees.
With utmost respect, I dissent.

---

extent practicable, while providing for access to adequate representation for
injured workers[.]"